# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-1269**　　　　　　　　　　　**September Term, 2023**

FILED ON: JANUARY 23, 2024

GEOFFREY ORLANDI,
　　　　　PETITIONER

v.

BILLY NOLEN, ACTING ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,
　　　　　RESPONDENT

---

On Petition for Review of an Order
of the Federal Aviation Administration

---

Before: PILLARD and GARCIA, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*

### **J U D G M E N T**

This appeal was considered on the record from the Federal Aviation Administration (FAA) and on the briefs of the parties. *See* D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DENIED.**

Petitioner Geoffrey Orlandi challenges the FAA's decision to rescind its authorization of Orlandi as a Designated Pilot Examiner. As a Pilot Examiner, Orlandi acted on behalf of the FAA to arrange and conduct practical testing of applicants for FAA pilot licenses. Orlandi maintained a policy of collecting non-refundable fees from applicants before determining whether they were eligible to proceed with the practical test. For example, in January 2022, Orlandi collected about $800 in fees from an applicant on his scheduled practical test date before determining that the applicant had inadequate logged flight experience so was ineligible to proceed with the test. Orlandi refused to refund the fees or credit them toward a rescheduled test, offering only to discount a second fee to conduct the test on a rescheduled date.

1

That applicant's instructor complained to an FAA hotline. The FAA investigated Orlandi's fee practices, determined that his policy of collecting nonrefundable fees before verifying applicants' test eligibility violated agency guidance, and rescinded his Pilot Examiner designation. The FAA's rescission notice also cited Orlandi's inability to work constructively with the agency, explaining that "during several hours['] worth of phone calls," he was "argumentative and unreceptive" to his supervisors' suggestion that he evaluate each applicant's eligibility before the day of the test. An agency appeals board upheld the decision.

We lack jurisdiction over Orlandi's claim that the rescission of his delegation was an abuse of discretion. Pursuant to 49 U.S.C. § 44702(d)(2), the FAA "may rescind a delegation . . . at any time for any reason the Administrator considers appropriate." We have interpreted the broad terms of that provision as committing to the FAA's unreviewable discretion the substantive bases for rescinding delegations. *Sheble v. Huerta*, 755 F.3d 954, 957 (D.C. Cir. 2014) (citing *Steenholdt v. F.A.A.*, 314 F.3d 633, 638 (D.C. Cir. 2003)).

Orlandi's claims that the FAA violated its internal procedural requirements in rescinding his delegation fare no better. We retain authority to review the FAA's compliance with its own procedural requirements, *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and remand to the agency where an affected examiner shows "that the FAA 'fell substantially short' of the applicable procedural requirements, 'resulting in prejudice to him.'" *Sheble*, 755 F.3d at 957 (quoting *Lopez v. F.A.A.*, 318 F.3d 242, 248 (D.C. Cir. 2003)). Orlandi identifies what he contends are four material flaws in the FAA's compliance with its procedures: (1) he was denied a meeting with the managing specialists investigating his conduct; (2) the FAA's stated concerns shifted between the initiation of the investigation and rescission of his Pilot Examiner designation; (3) the FAA appeals board failed to consider his entire file and document its deliberations; and (4) his supervisors fell short of their duty to oversee him.

None of those assertions supports relief.

*First*, Orlandi was not entitled to a meeting with the managing specialists conducting his investigation. The manager's noncommittal email in response to Orlandi's request for an in-person meeting—offering to "contact [him] mid next week to arrange a Zoom meeting for possibly the following week," FAA Email to Orlandi (J.A. 74)—is a far cry from the internal agency regulations or binding policies to which courts hold agencies accountable under *Accardi*, 347 U.S. 260. *See Steenholdt*, 314 F.3d at 638 (quoting *Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987)).

*Second*, no FAA rule prevents the agency from clarifying its reasons for the rescission of a delegation over the course of an investigation. Under the relevant procedural rules, the agency need only document the rescission action and "include the specific reason(s)," as it did here. *See Designee Management Policy*, FAA Order 8000.95B, ch. 9, ¶ 4.a.1. (April 12, 2022) (J.A. 122).

*Third*, Orlandi is correct that the FAA appeals board was required to consider his full designee file and to document its decision, *see id.* at ch. 11, ¶ 4.a. & c. ("Review File" and "Document Outcomes") (J.A. 128), but he failed to demonstrate that the appeals board fell short

2

of those duties. The board indicated that it reviewed Orlandi's record. His arguments to the contrary are entirely speculative. As to the agency's documentation of its decision, even assuming this procedural requirement calls for a more detailed description, Orlandi has not demonstrated that he suffered any resulting prejudice. That is especially so given our lack of authority to review the substantive grounds of the FAA's decision.

*Fourth*, Orlandi argues that the FAA violated its own procedures by poorly supervising him. Managers must "monitor [designees] to ensure that they continue to meet the requirements of their designations," including by "determin[ing] the designee's compliance with regulatory requirements." *See Designee Management Policy*, FAA Order 8000.95A, ch. 6, ¶ 2.b. (December 7, 2020) (J.A. 133). Orlandi urges that the FAA failed to meet this standard because his supervisors did not inform him during their earlier observations of his examinations that his fee policy was inappropriate. Orlandi's contention is not just that he had the right to oversight before recission—as the rule requires, and which he received—but to oversight that notified him of any potentially actionable deficiencies in his performance. That is not a rule the FAA has promulgated. Indeed, it runs counter to the agency's broad statutory authority, reiterated in its regulations, to rescind designations "at any time for any reason." 49 U.S.C. § 44702(d)(2); FAA Order 8000.95B at ch. 9, ¶ 4 (J.A. 122). If a designee could only lose his delegation after he was given an opportunity to correct his misconduct, the FAA would not be able to rescind a delegation "at any time."

For the foregoing reasons, we deny Orlandi's petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3